# IN THE UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

ROBERT DAVID ROBINSON, )
)
    Plaintiff, )
)
vs. ) No._____
) JURY TRIAL REQUESTED
ANDERSON COUNTY SCHOOLS and )
LARRY FOSTER, )
)
    Defendants, )

## COMPLAINT

1. Plaintiff, David Robinson ("Mr. Robinson"), by and through the undersigned counsel, brings this Complaint against the Defendants, Anderson County Schools ("Anderson County") and Larry Foster ("Mr. Foster") in his individual capacity and in his official capacity as director of Anderson County Schools, for violations of Mr. Robinson's substantive and procedural due process rights as guaranteed by the United States Constitution and 42 U.S.C. 1983; for retaliatory discharge pursuant to Tenn Code Ann §50-1-304 (Tennessee's Public Protection Act), related claims at common law for retaliatory discharge, and unlawful termination pursuant to Tenn Code Ann. 49-50-1408, 1409, *et seq.* (Education Truth in Reporting and Employee Protection Act of 1999). Mr. Robinson hereby reserves his right to amend this Complaint pursuant to T.R.C.P. 15.03 to add additional claims under the federal whistleblower protection laws, if appropriate, upon conducting appropriate discovery.

### I. Parties

2. Mr. Robinson is a citizen of the United States and a resident of Anderson County, Tennessee. At all times referenced in this Complaint to his date of discharge, Mr. Robinson was

1

a tenured teacher and employee of Anderson County Schools as defined by Tenn Code Ann§50-1-304(a)(1)(A) in that he is employed by a "county department, board, commission, agency or instrumentality." As a tenured teacher, Mr. Foster has a protect-able property interest in his continued employment by the schools, as established by T.C.A. 49-5-409.

3. Anderson County Schools is the organization charged with the administration of the Anderson County, Tennessee school system. At all times referenced in this Complaint, Anderson County Schools is an employer of as defined by Tenn Code Ann§50-1-304(a)(2)(A) in that the school system is a "county board."

4. Larry Foster ("Mr. Foster") was at all times during the events described during this Complaint the Director of Anderson County Schools and Mr. Robinson's supervisor.

## II. Jurisdiction and Venue

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. ss 1331, and 42 U.S.C. ss 1983, *et. seq.,* which provides for damages, injunctive and other relief for causes of action arising under federal law and specifically for violations of a party's civil rights. Plaintiffs request that this Court exercise supplemental and pendant jurisdiction over Plaintiff's state law claims.

6. Venue is proper pursuant to 28 U.S.C. ss 1391 in that the unlawful acts occurred in Anderson County, Tennessee.

## III. General Allegations

7. Mr. Robinson was a tenured teacher, employed as a Job Placement Coordinator for Anderson County Schools. In that position, Mr. Robinson helped students find jobs in local trades.

8. On approximately June 1, 2012, Mr. Robinson sent a letter to Mr. Foster and the

2

Anderson County School Board in which he made disclosures that qualify as protected under the Tennessee Public Protection Act, in that he reported violations of a statute known as the Education Truth and Employee Protection Act of 1999. Mr. Robinson disclosed that reports submitted by Anderson County to federal and state authorities for purposes of securing funding contained false information. Specifically, Mr. Robinson discussed the fact that student attendance numbers had been inflated and mis-reported, such that the Anderson County schools had received funds to which the system was not entitled.

9. Mr. Robinson had previously made similar reports about the management of funds during Mr. Foster's tenure at the Anderson County Credit Union in 2010. The Knoxville News Sentinel and the Clinton Courier News had published articles regarding the scandal; however, no remedial action was taken by the County. Mr. Robinson mentioned this in his letter.

10. Two weeks later, on June 15, 2012, Mr. Robinson received a letter from Anderson County Schools, signed by Mr. Foster, advising him that his contract would not be renewed because his position had been "abolished."

11. This reason was pretext. No other positions were abolished and Mr. Robinson was the only employee of such senior status terminated.

12. The true reason Mr. Robinson's employment was terminated was because he made disclosures which are protected and refused to remain silent concerning illegal activities pursuant to Tenn Code Ann §50-1-304 and Tenn Code Ann. 49-50-1404.

13. Due to his tenured status, Mr. Robinson has a protect-able property interest in continued employment with the Anderson County Schools from which he may not be deprived without due process of law.

3

14. Pursuant to his due process rights and pursuant to T.C.A. 49-5-409, Mr. Robinson was entitled to "the next available position" for which he was "certified to hold which opens within the school system during the remainder of the school year."

15. Upon information and belief, positions within Anderson County Schools for which Mr. Robinson had the appropriate certifications opened during the school year.

16. Pursuant to Mr. Robinson's due process rights and T.C.A. 49-5-511, Mr. Robinson was entitled to "be placed on a preferred list for re-employment in the first vacancy" for which he was "qualified by training and experience to fill."

17. Upon information and belief, positions within Anderson County Schools for which Mr. Robinson was qualified by training and experience to fill have opened since the termination of his employment.

18. Mr. Robinson has not been offered any in the Anderson County School System at any time since the termination of his position.

19. Due to Defendants' illegal actions, Mr. Robinson has suffered damages.

20. Mr. Robinson specifically reserves his right to amend this Complaint to add additional allegations and claims as discovery progresses.

### Count 1: Violations of the Tennessee Public Protection Act.

21. By the acts and omissions described in Paragraphs 5-20 above, Anderson County Schools has violated Tenn. Code Ann.50-1-304 in that Anderson County terminated Mr. Robinson's employment for reporting gross mismanagement of state and federal funds, and because Mr. Robinson's refusal to remain silent was the sole and exclusive reason for his termination; thus, Anderson County is liable to Mr. Robinson for damages as specified below.

### Count 2: Violations of the Education Truth in Reporting and Employee Protection Act

22.     By the acts and omissions described in Paragraphs 5-20 above, Anderson County Schools has violated Tenn Code Ann. 49-50-1408, 1409, et seq in that they have terminated Mr. Robinson's employment for reporting gross mismanagement of state and federal funds; thus Anderson County is liable to Mr. Robinson for damages as specified below.

### Count 3: Individual Liability of Larry Foster for Violations of the Education Truth in Reporting and Employee Protection Act

23.     By the acts and omissions described in Paragraphs 5-20 above, Larry Foster has violated Tenn Code Ann. 49-50-1408, 1409 *et seq.* in that he was Mr. Robinson's supervisor and caused his employment to be terminated for reporting gross mismanagement of state and federal funds; thus Mr. Foster is individually liable to Mr. Robinson for damages as specified below.

### Count 4: Liability of Anderson County Schools Based on Common Law Retaliatory Discharge

24.     By the acts and omissions described in Paragraphs 5-20 above, Anderson County Schools is liable under a theory of common law retaliatory discharge in that: an at will employment relationship existed, Mr. Robinson was terminated, Mr. Robinson refused to remain silent about illegal activities which violate public policy, and Mr. Robinson's refusal to remain silent was a substantial motivating factor in his discharge. For these acts and omissions, Anderson County is liable to Mr. Robinson for the damages specified below.

### Count 5: Liability of Anderson County Schools based on Violations of Mr. Robinson's Due Process Rights as Guaranteed by U.S.Const. 14 and 42 U.S.C. 1983.

25.     By the acts and omissions described in Paragraphs 5-20 above, Anderson County

5

Schools has violated Mr. Robinson's due process rights as defined by the Fourteenth Amendment, enforceable pursuant to 42 U.S.C. 1983, in that Defendant has intentionally acted under color of law to terminate Mr. Robinson's tenured employment, thus depriving him of a protect-able property interest, without giving him the rights to preferred re-employment guaranteed by 49-5-409 and 49-5-511(b)(3), without any right of recourse. For these acts and omissions, Anderson County is liable to Mr. Robinson for the damages specified below.

### Count 6: Individual Liability of Mr. Foster to Mr. Robinson for Deprivation of Mr. Robinson's Due Process Rights.

26. By the acts and omissions described in Paragraphs 5-20 above, Mr. Foster, in his individual capacity, has violated Mr. Robinson's due process rights as defined by 42 U.S.C. 1983 in that Defendant has intentionally acted under color of law to terminate Mr. Robinson's employment, thus depriving him of a protect-able property interest, without giving him the rights to preferred re-employment guaranteed by 49-5-409 and 49-5-511(b)(3). For these acts and omissions, Anderson County is liable to Mr. Robinson for the damages set forth in Paragraph 21.

### Request for Relief

27. PREMISES CONSIDERED, Mr. Robinson requests the following relief:

A. For process to issue, with Mr. Robinson's attorney responsible for service.

B. That this matter be set for a jury trial.

C. That upon hearing, for this Court to find Defendants have jointly and severally violated Mr. Robinson's due process rights by failing to apply the procedures and policies for Mr. Robinson to maintain and/or to regain employment with Anderson County Schools.

D.  That upon hearing, for this Court to find Defendants jointly and severally liable for terminating Mr. Robinson's employment in retaliation for his making protected disclosures, as defined by T.C.A. 50-1-304 and at common law, and in violation of the Education Truth In Reporting and Employee Protection Act.

E.  That upon hearing, for this Court to award Mr. Robinson damages including lost wages, back-pay, payment for the time he would have worked in the future had he not been wrongfully terminated, punitive damages, pre- and post-judgment interest, and reimbursement for expenses, and all other measures of damages to which Mr. Robinson is entitled. Mr. Robinson further requests injunctive relief in the form of being reinstated to his previous position with full privileges and benefits.

D.  For all court and discretionary costs, attorneys' fees, and other expenses to be paid by Defendants.

E.  For such other, further and general relief as this Court deems appropriate.

Respectfully submitted this ____ day of October, 2012.

_____
Margaret Beebe Held
Attorney for Plaintiff
BOPR #018033

HELD LAW FIRM
1522 Highland Avenue
Knoxville, TN 37916
(865) 637-6550

7

# AFFIDAVIT OF DAVID ROBINSON

I, the undersigned, having been duly sworn according to the law, state that I have read and approved the foregoing COMPLAINT, that the allegations contained therein are true and correct to the best of my knowledge, information and belief, and that this Complaint is brought for no improper purpose, but in truth and sincerity for the purposes described therein.

SIGNED this _____ day of October, 2012

_____
David Robinson, Affiant

Sworn to and subscribed before me this 6th day of ~~September~~ November, 2012

_____
Notary Public

My commission expires: 11-12-2012

8

## AFFIDAVIT OF DAVID ROBINSON

I, the undersigned, having been duly sworn according to the law, state that I have read and approved the foregoing COMPLAINT, that the allegations contained therein are true and correct to the best of my knowledge, information and belief, and that this Complaint is brought for no improper purpose, but in truth and sincerity for the purposes described therein.

SIGNED this 16th day of October, 2012

_____
David Robinson, Affiant

Sworn to and subscribed before me this 16th day of ~~September~~ October, 2012

_____
Notary Public

My commission expires: 11-12-2012

9